ROSE KEEGAN AND JOHN KEEGAN, IMPLEADED, ETC.,

v.

KATE ELIZABETH O'CALLAGHAN.

*Forcible Detainer—Appeal—Action on Bond—Death of Obligee—Damages.*

This court holds that an heir can not maintain an action upon a bond filed on an appeal from a judgment in an action of forcible detainer, to recover the damages accruing after the death of the obligee therein, who was the father of the plaintiff, and before the surrender of possession of the property in question.

[Opinion filed December 24, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. M. A. RORKE & SON, for appellants.

Messrs. HYNES & DUNNE, for appellee.

GARY, P. J.   The appellants were defendants in an action of forcible detainer, wherein the father of the appellee was the plaintiff, and with a surety gave the bond sued upon in this action on an appeal from a judgment against them in that action.   He was the obligee in that bond and died pending the appeal.

Their appeal having been unsuccessful, this suit is to recover the damages accruing after his death and before the surrender of possession by the appellants, by reason of their retaining such possession.

The only question is whether she can sue upon the bond.

"In the case of a mere *personal* contract or of a *covenant not running with the land*, if it were made only with *one* person, and he be dead, the action for the breach of it must be brought in the name of his executor or administrator, in whom the legal interest in such contract is vested." 1 Ch. Pl. 19.   What covenant runs with the land, so that one to whom the estate of the covenantee has come may sue upon it, is a subject upon which the books contain as many refined distinctions as upon, probably, any other branch of the law.

The heir can only sue because such estate has come to him. A grantee of the covenantee stands, in the lifetime of the covenantee, in the same position as to suing upon the covenant, that his heir or devisee does after his death.   But there is one rule that is of universal application.   "It is not sufficient that a covenant is concerning the land, there must be a privity of estate between the covenanting parties."   Webb v. Russell, 3 Durn. and E. 393.   The surety on this bond had no interest in the land.   He is liable only to the personal representative

144    APPELLATE COURTS OF ILLINOIS.

VOL. 35.]    Chi. Warehouse, etc., Co. v. Ill. Pneumatic Tool Co.

of the obligee. If such representative can not recover damages accruing after the death of the covenantee, it only shows that the heir, when substituted in his place on the appeal, under Secs. 10 and 24, Chap. 1, R. S., should have applied for a new bond under Sec. 19, Chap. 57.

It is not a question on this record what damages the personal representative could recover, and probably can never be made a question hereafter, as she has already had her action. The case presents the singular feature of two parties, unconnected in legal interest, each maintaining a separate action as successors of the obligee upon the same bond. The appellants, who were defendants in the action of forcible detainer, are not liable to any action upon this bond to which their surety is also not liable, whatever remedy the appellee may have against them otherwise.

The argument that the appellee is without remedy unless she can sue on this bond, can not change the settled law. Sanders v. Filley, 12 Pick. 554. As to what covenants run with the land, it is enough here to refer to 1 Smith, Leading Cases, 180, 9th Ed., where a great multitude of cases are collected and compared.

The judgment must be reversed, but, as the action can not be maintained, it is useless to remand the case.

*Judgment reversed.*