### Corning Steel Co. v. Western Union Telegraph Co.

1. VARIANCE—*Pleadings and Proof.*—Under a declaration by the Western Union Telegraph Company, assignee of the reversion, alleging that the Phenix Insurance Company, by a certain indenture made between it and the Corning Steel Company, did demise, etc., and the said Steel Company did thereby for itself covenant, etc., a certificate of the insurance company purporting to contain the terms of the demise, but executed only by the steel company as lessee, is not admissible in evidence if objected to on the ground of variance.

2. PARTIES—*Assignee of the Reversion—Suits upon Covenants.*—To enable an assignee of the reversion to sue upon a covenant, it must be one that runs with the land, which can not be unless there is a privity of estate between the covenanting parties.

3. PLEADINGS—*Non Est Factum.*—Variance under a plea of *non est factum*, a variance between the declaration and the instrument sued on, is fatal.

Covenant upon a lease for rent. Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed October 31, 1895.

W. O. JOHNSON and STIRLEN & KING, attorneys for plaintiff in error, contended that the declaration failed to show an attornment.

The action being in covenant upon an agreement contained in an indenture, by a stranger thereto, it could not, at common law, be sustained. Citing Fisher v. Deering, 60 Ill. 114; Schiedt v. Beltz, 4 Brad. 431; Harms v. McCormick, 132 Ill. 104.

Corning Steel Co. v. W. U. Tel. Co.

The document offered in evidence as a lease consisted of two parts, the first of which was intended to be a demise by the Phenix Insurance Company of certain premises, but not executed; and the second part, which purports to be executed by plaintiff in error, contains stipulations to pay rent, among other things. The consideration of the covenant to pay rent is the covenant by the lessor for quiet enjoyment, and where that covenant is lacking, because of the absence of the execution by the lessor, the action of covenant can not be sustained upon proof of the execution by the lessee alone.

A lessee entering and holding under a lease, not executed by his landlord, is not estopped, in an action by the assignee of the lessor, from showing such non-execution; and under such circumstances, although the lease is executed by the lessee, if it is not executed by the lessor, the lessee is not liable upon the covenants therein, for, the lease being void, there is no consideration for his covenants, even though he occupies during the entire term. 1 Wood's Landlord & Tenant (2d Ed.), 441; Woodfall's Landlord and Tenant (Am. Ed.), 189; 2 Taylor's Landlord and Tenant (8th Ed.), Sec. 666; 1 Id. 147; Platt on Leases, 9; 1 Chitty on Pleading, 105; Saprani v. Skurro, Yelverton, 19; Laughran v. Smith, 75 N. Y. 205; Marlow v. Wiggins, 4 A. & E. 365; Cleves v. Willoughby, 7 Hill 83; Swatman v. Ambler, 8 Exch. 72; Rawle on Covenants (5th Ed.), Sec. 245, 247.

WILLIAMS, HOLT & WHEELER, attorneys for defendant in error, contended that the action of covenant may be supported, although the covenantee did not sign the indenture. The right of suit is constituted by covenantor's execution of the deed. The acceptance of the deed by the covenantee and his production of it at the trial sufficiently testify his assent to the contract, if necessary to render it binding. Citing 1 Chitty on Pleadings, 119; Cooker v. Child, 2 Lev. 74; Petrie v. Bury et al., 3 Barn. & Crer. 353; 4 Am. & Eng. Ency. of Law, 470; Laythoarp v. Bryant, 2 Bing. N. C. 735; Smith v. Ransom, 21 Wend. 202; Pitman v. Woodbury, 3 Exch. 3; Cooch v. Goodman, 21 Q. B. 580.

The beginning of almost every warranty deed used in this country is, "this indenture." These deeds are universally executed only by the grantor, and yet it would hardly be maintained that an averment of indenture would not be sustained by the introduction of such a deed. 5 Am. & Eng. Ency. of Law, 453; 10 Id. 437; Morgan v. Pike, 14 C. B. 473.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The Phenix Insurance Company of Brooklyn, N. Y., being probably the owner of the Phenix building, in Chicago, intended to demise to the plaintiff in error, three rooms therein, and as a mode of so doing kept in its own possession a document, purporting to be a certificate that it had so demised, which certificate contained the terms of such supposed demise, and ended (being a printed blank) with a statement that the insurance company had "affixed its corporate seal and caused these presents to be signed by its general agent" on a date therein named.

No corporate seal or signature was affixed, so that in fact there was no such demise as was stated in the certificate. On the other side of the same sheet was a certificate by the defendant in error under seal containing the usual covenants by leases.

Now this suit is by the assignee of the reversion—the grantee in fee of the insurance company. To enable an assignee to sue upon a covenant, it must be one that runs with the land, which can not be, unless there "be a privity of estate between the covenanting parties." Keegan v. O'Callaghan, 35 Ill. App. 142.

When the certificate of the plaintiff in error was executed it had no estate in the intended-to-be demised premises. If it ever obtained any estate, it was such as was implied by law from subsequent occupation and payment of rent. It would seem to be clear that the defendant in error can not maintain an action of covenant. It is, however, not necessary to decide that question.

The declaration alleges that the Phenix Insurance Company, " by a certain indenture then and there made between the said Phenix Insurance Company of the one part "  *  *  *  " did demise "  *  *  *  " and the said Corning Steel Company did thereby for itself covenant," etc.

The plaintiff in error pleaded—*inter alia*—*non est factum.* Under that plea a variance between the declaration and the instruments produced was fatal. 1 Ch. Pl. (Ed. 1844), 483.

When the certificates were offered in evidence, the defendant in error objected on the ground of variance, but the objection was overruled and the defendant in error excepted.

There was a variance. No indenture, in either acceptation of the word—as an instrument between two or more, or as an instrument under seal, whereby the insurance company demised, and the " steel company did thereby for itself covenant "—was produced.

The certificate should have been rejected. We need not consider other questions.

The judgment is reversed and the cause remanded.